# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

RANDY EDWARDS,

      Plaintiff,

        v.

COFFEE COUNTY FACILITY;
CORRECTIONS CORPORATION OF
AMERICA; GRADY PERRY; JOHN PAUL;
GEORGIA DEPARTMENT OF
CORRECTIONS; HOMER BRYSON;
STATE OF GEORGIA; NATHAN DEAL;
STATE BOARD OF PARDONS AND
PAROLE,

      Defendants.

CIVIL ACTION NO.: 5:15-cv-34

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently an inmate at Dodge State Prison in Chester, Georgia, filed this action while an inmate at Coffee Correctional Facility in Nicholls, Georgia, pursuant to 42 U.S.C. § 1983. In his Complaint, he contested certain conditions of his confinement while he was housed at Coffee Correctional Facility. After review, the Court **DENIES** Plaintiff's Motion to Amend his Complaint and add a Defendant, (doc. 32.). The Court **VACATES** its June 12, 2015, Order, (doc. 8), and November 10, 2015, Order, (doc. 29), and **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*. See McKenzie v. United States Dep't of Justice, 143 F. App'x 165 (11th Cir. 2005) (district court may revisit earlier order allowing prisoner suit to proceed). Further, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g) and the Court **DENY** Plaintiff *in forma pauperis* status on appeal. Moreover, all pending Motions should be **DENIED AS MOOT**.

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this Complaint on May 13, 2015, while he was housed at Coffee Correctional Facility. (Doc. 1.) In his Complaint, Plaintiff contended that the water at Coffee Correctional was dirty. Id. He sought an "emergency injunction" ordering that the facility use bottled water. (Doc. 1, p. 4.) Plaintiff did not request monetary relief. Id. Plaintiff was subsequently transferred to Dodge State Prison in Chester, Georgia. (Doc. 32.) He has now filed another request for an "Emergency Injunction" and a request to add Defendants. Id. Through this pleading, Plaintiff seeks to add unrelated claims and Defendants to this action. Generally, Plaintiff contends that there are threats to his safety at Dodge State Prison from correctional officers. Id.

## DISCUSSION

### I. Motion to Amend Complaint through Request for Emergency Injunction and to Add Defendants (Doc. 32)

In his Request for Emergency Injunction and to Add Defendants, Plaintiff seeks to add claims against new defendants regarding threats to his safety at Dodge State Prison. Id. However, these claims are entirely unrelated to Plaintiff's original claims which pertain to the water at Coffee Correctional Facility. Plaintiff cannot pursue unrelated claims in one Section 1983 action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Accordingly, Plaintiff will not be allowed to amend his Complaint to add these new unrelated claims and unrelated defendants to

this action. Accordingly, his motion to amend his Complaint by way of his Request for Emergency Injunction and to Add Defendants is **DENIED**.

**II.    Section 1915(g)**

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir.1993) (characterizing failure to comply with court orders as "abuse of the judicial process").  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera, 144 F.3d at 731.  The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera.  In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g).  Indeed, the

3

Northern District of Georgia has repeatedly noted Plaintiff's propensity for filing frivolous lawsuits. See, e.g., Order, Edwards v. Floyd Cty. Police Dep't, 4:15-cv-108 (N.D. Ga. June 24, 2015), ECF No. 2, p. 2 (listing seven cases filed by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim and dismissing Plaintiff's lawsuit under the three strikes provision of Section 1915(g)). Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff should not be excused from prepaying the filing fee because of the imminent danger of serious physical injury. Rather, Plaintiff's Complaint is a quintessential example of the conclusory allegations that fail to meet the imminent danger exception to the three strikes rule. Therefore, Section 1915(g) bars him from proceeding *in forma pauperis* in this case.

Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.[1]

### III.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]   Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1]  Moreover, even if Plaintiff were not barred by Section 1915(g), his Complaint, which solely sought injunctive relief regarding the water at Coffee Correctional, has now been rendered moot due to his transfer to Dodge State Prison.  An inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer subject to the condition for which injunctive relief is sought.  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam ) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").  This provides yet another ground for dismissal of Plaintiff's claims.

[2]  A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker", Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Amend his Complaint and Add a Defendant, (doc. 32). The Court **VACATES** its June 12, 2015, Order, (doc. 8), and November 10, 2015, Order, (doc. 29), and **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*. Further, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g) and that the Court **DENY** Plaintiff *in forma pauperis* status on appeal. Moreover, all pending Motions should be **DENIED AS MOOT**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity

requirement set out above will not be considered by a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

      **SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 30th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA