# In the United States District Court for the Southern District of Georgia Waycross Division

| | | |
|---|---|---|
| RANDY EDWARDS,, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:15-cv-34 |
| | * | |
| v. | * | |
| | * | |
| COFFEE COUNTY FACILITY; | * | |
| CORRECTIONS CORPORATION OF | * | |
| AMERICA; GRADY PERRY; JOHN PAUL; | * | |
| GEORGIA DEPARTMENT OF | * | |
| CORRECTIONS; HOMER BRYSON; | * | |
| STATE OF GEORGIA; NATHAN DEAL; | * | |
| and STATE BOARD OF PARDONS AND | * | |
| PAROLE, | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's December 30, 2015, Report and Recommendation, dkt. no. 36, to which no objections have been filed. The Court **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court.

The Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint pursuant to the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). After the issuance of the Report and Recommendation, Plaintiff

filed a Notice of Voluntary Dismissal. Dkt. No. 38. Federal Rule of Civil Procedure 41(a) permits a plaintiff to unilaterally dismiss a case before the opposing party serves an answer or a motion for summary judgment. However, a plaintiff's right to dismiss is "[s]ubject to ... any applicable federal statute[.]" Fed. R. Civ. P. 41(a). Consequently, Plaintiff cannot avoid the operation of the PLRA by stipulating to dismissal of his action after the issuance of the Report and Recommendation. See Wilson v. Freesemann, No. CV407-059, 2007 WL 2083827, at *1 (S.D. Ga. July 13, 2007) ("28 U.S.C. § 1915(a) prevents a prisoner from avoiding a 28 U.S.C. § 1915(g) 'strike' merely by exploiting Rule 41(a) in the face of an adverse Report and Recommendation.").

Further, the Court cautioned Plaintiff early in this litigation that the PLRA would require the Court to dismiss this action if Plaintiff had on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Dkt. No. 8, p. 2. Moreover, the Court afforded Plaintiff an opportunity to voluntarily dismiss his Complaint prior to submitting the forms enclosed with that Order, thereby avoiding payment of the filing fee or receiving another "strike" under

§ 1915(g). Id. at pp. 2-3. Plaintiff did not avail himself of that opportunity.

Consequently, the Court **DISMISSES** Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g) and **DENIES** Plaintiff *in forma pauperis* status on appeal. Moreover, all pending Motions are **DENIED AS MOOT**. The Clerk of the Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 25 day of July, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA